IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ANDY BUXTON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01053-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN WETZEL, MELINDA ADAMS, | ) | |
| KAREN FEATHER, JANE DOE, | ) | |
| LIEUTENANT JOHN DOE, | ) | |
| | | |
| Defendants, | | |

## MEMORANDUM ORDER

1. Plaintiff's request to proceed *in forma pauperis* (ECF No. 5) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee and the Clerk of Court is directed to file the Complaint.

2. Plaintiff shall pay $149.74[1] as an initial partial filing fee as provided by 28 U.S.C. § 1915(b)(1)(A); however, Plaintiff is assessed the total $350.00 filing fee in this case.[2] Plaintiff is advised that no further action will be taken in this case until the initial partial fee of $149.74 is paid in full.

---

[1] Plaintiff had a total of $4,237.07 deposited into his inmate account for the six months preceding the submission of his Complaint. The average monthly deposit is $706.18, and twenty percent of that is $141.24. *See* 28 U.S.C. § 1915(b)(1)(A) (explaining the calculation of the initial partial filing fee). While the PLRA specifies the time period for determining the average monthly balance, it does not specify the time period for determining the average monthly deposits. Some courts, including the Western District of Pennsylvania, have adopted a practice of calculating the average monthly deposits during the six-month period immediately preceding the filing of the action.

[2] Effective December 1, 2020, the filing fee for filing a civil action is $350.00 plus an administrative fee of $52.00, for a total of $402.00. The administrative fee does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis (IFP) status under 28 U.S.C. § 1915. Thus, the filing fee remains $350.00 when a motion to proceed IFP is approved.

3. The agency having custody of Plaintiff shall forward, within **THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of $141.24 to the Clerk of Court. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court for the Western District of Pennsylvania" and transmitted to: Clerk of Court, U.S. District Court, Western District of Pennsylvania, 700 Grant Street, Suite 3110, Pittsburgh, PA, 15219.  Personal checks will not be accepted.  The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (i) the full name of the prisoner; (ii) the prisoner's inmate number; and (iii) the case number for this action.  Checks or money orders which do not have this information will be returned to the penal institution.

4. After payment of the initial partial filing fee, Plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. 28 U.S.C. § 1915(b)(2).[3]  Each time a deposit is made to the inmate's account, the agency having custody of Plaintiff shall set aside the deposit immediately before any disbursement is made by the inmate and shall forward payments from the Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.  The prisoner information described in paragraph 3 shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto.  The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

---

[3] The term "income" in § 1915(b)(2) means "all deposits to the prisoner's inmate account". *In re Hubert Jackson,* No. 16-4100, slip op. at 3 n.2 (3d Cir. Jan. 4, 2017) (citing *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2000) and *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).

5.      <u>Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf</u>.  For this reason, if Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.  This Order will be binding on the Superintendent/Warden of any jail or correctional facility where Plaintiff is incarcerated until the filing fee is paid in full in accordance with the provisions of 28 U.S.C. § 1915(b).

6.      The Clerk of Court shall mail a copy of this Order and a copy of Plaintiff's authorization form to the Inmate Account Officer at Plaintiff's place of confinement.

7.      If the initial partial filing fee of $141.24 is not received within **THIRTY (30) DAYS** from the date of this Order then this action may be dismissed for Plaintiff's failure to prosecute.

8.      Plaintiff shall keep the Court advised of his current address at all times throughout this litigation. Specifically, Plaintiff is **ORDERED** to notify the Court in writing as to any and all address changes, including all temporary transfers to another jail or prison or other facility. Plaintiff's failure to do so will result in dismissal of this action.

9.      Finally, this Court must review Plaintiff's Complaint in accordance with the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims under the PLRA. Specifically, section 1915(e) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

If the Court dismisses the case for any of these reasons, the prisoner is **NOT** entitled to the return of his filing fee.

DATED this 14th day of September, 2021.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:  Inmate Account Office
     SCI Mercer