IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDY BUXTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21cv1053 |
| | ) | **Electronic Filing** |
| **JOHN WETZEL**, **M. ADAMS**, | ) | |
| **KAREN FEATHER**, **JANE DOE**. and | ) | |
| **JOHN DOE**. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Memorandum Order</u>

September 6, 2022

Plaintiff, Andy Buxton ("Buxton" or "Plaintiff") commenced this civil action on August 9, 2021, while he was still an inmate at SCI Mercer, against Defendants, John Wetzel, ("Wetzel") the former Secretary of the Department of Corrections ("DOC"); Melinda Adams ("Adams") SCI Mercer's Superintendent; Karen Feather ("Feather");  Jane Doe; and a John Doe (collectively "Defendants"). Plaintiff alleges that Defendants, as a group, violated his constitutional rights by exposing him to Covid from August 2020 through January 2021 because they "failed to comply and enforce Covid, CDC, DOC, SCI Mercer, and enhance[d] quarantine precautions" on his housing unit.  The case was referred to Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges.  The case was reassigned to Magistrate Judge Patricia L. Dodge on December 20, 2021.

On January 18, 2022, a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) (ECF. No. 30) was filed on behalf of Defendants Wetzel, Adams and Feather.  On August 4, 2022, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 43) in which it was recommended that the Court grant in part and deny in part the motion to dismiss.

Specifically, it was recommended that the Court: (1) deny Defendants' motion to the extent it seeks dismissal of Plaintiff's claims for failure to exhaust. The denial should be without prejudice to Defendants' reasserting this defense in a dispositive motion at the close of discovery if this case proceeds to that stage;  (2) grant the motion to dismiss Plaintiff's Eighth Amendment claims asserted against Wetzel, Adams and Feather without prejudice for failure to state a claim; and, (3) dismiss Plaintiff's Eighth Amendment claims asserted against Jane Doe and John Doe without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Defendants were permitted to file objections to the Report and Recommendation on or before August 17, 2022 and the Plaintiff was permitted to file objections to the Report and Recommendation on or before August 22, 2022. Plaintiff filed objections (ECF No. 44) to the Report and Recommendation on August 16, 2022.

After a comprehensive review of the pleadings and documents in the case, together with the Report and Recommendation and the objections filed thereto, the following Order is entered:

AND NOW, this 6th day of September, 2022,

IT IS HEREBY ORDERED that the Motion to Dismiss the Complaint (ECF No. 30) filed on behalf of Defendants, Wetzel, Adams and Feather is granted in part and denied in part as follows:

(1)    the motion is **DENIED** to the extent it seeks dismissal of Plaintiff's claims for failure to exhaust. The denial should be without prejudice to Defendants' reasserting this defense in a dispositive motion at the close of discovery if this case proceeds to that stage;

(2)    the motion to dismiss Plaintiff's Eighth Amendment claims for failure to state a claim asserted against Wetzel, Adams and Feather is **GRANTED** without prejudice;

(3)    the motion to dismiss Plaintiff's Eighth Amendment claims for failure to state a claim asserted against Jane Doe and John Doe is **GRANTED** without prejudice under § 1915(e)(2)(B)(ii).

2

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint[1] on or before **October 24, 2022** to correct the deficiencies set forth in the Report and Recommendation. Failure to file an Amended Complaint will result in dismissal with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 43) dated August 3, 2022, is adopted as the Opinion of the Court.

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:   Andy Buxton, *Pro Se*
     426 George Street, Apt. 507
     Braddock, PA 15104-1606
     (*Via First Class Mail*)

     Yana L. Warshafsky, Esquire
     Magistrate Judge Patricia L. Dodge
     (*Via CM/ECF Electronic Mail*)

---

[1] When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff the opportunity to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).