**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDY BUXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:21-1053 |
| v. | ) | |
| | ) | |
| JOHN WETZEL, et al., | ) | |
| | ) | |
| Defendants. | | |

## ORDER

Plaintiff Andy Buxton ("Buxton") has filed a Motion for an order Compelling Discovery (ECF 71) to which Defendants have responded (ECF 73).  Buxton's motion seeks more complete responses to certain discovery sought in a Request for Production of Documents, Requests for Admission ("RFA") and Interrogatories that were served on Defendants.  His motion attaches these responses as well as several other documents.  Defendants assert that Buxton has not met his burden to demonstrate the relevance of his discovery and also assert that their responses, including objections, are appropriate. Therefore, they ask that Buxton's motion be denied.

Request for Production of Documents

Buxton asserts that Defendants' responses to Requests for Production 1 through 4, 5, 6, 8 through 12 and 15 through 17 are deficient.

Requests 1-3 seek information about the settlement in another lawsuit because this information is "very relevant."  Defendants objected because the requested documents are confidential. Buxton has not met his burden to show that documents related to a settlement in another case are relevant to his claims.  Moreover, he acknowledges that these documents are confidential and fails to show why he is entitled to review them.  Thus, his motion will be denied as to these requests.

Request 4 seeks "preservation videos from Nancy Franz during the relevant times in complaint…" and references another lawsuit in which it appears one or more videos were produced.  Defendants responded that the request is unclear but if Buxton seeks videos from another lawsuit "filed by a non-party," the request is irrelevant.  Notably, to the extent that Buxton seeks the videos requested from Nancy Franz in Exhibits A and B to his motion, the dates of the videos sought are outside of the time frame that he has identified as the relevant time period of his claims.  Therefore, his motion is denied.

Request 5 seeks the production of certain reports related to SCI-Mercer.  Defendants produced a spreadsheet that is responsive to the request.  Buxton's objection that Defendants did not identify the author of the spreadsheet is overruled; this information is inappropriately sought in the context of a request for a document.

Buxton's motion as to Request 6 will be granted.  Defendants shall provide any information in their possession regarding this request.

As to Request 8, Buxton seeks documents regarding the number of staff members who tested positive for COVID-19 in the "relative time," which this Court interprets to mean August 2020 through January 2021.  Defendants' objection that the information sought is privileged is correct, up to a point.  However, if Defendants have in their possession documents that identify only the number of staff members who tested positive or documents that can be redacted to reveal only the number, they shall produce them.

Request 9 seeks "copies of the inmates" who died from COVID-19.  The Court agrees with Defendants' response that this would reveal personal and confidential information about other inmates, and that Buxton, by stating only that this information is "very relevant," has not met his burden to demonstrate that he is entitled personal health information about deceased inmates or

otherwise that this information is relevant to his claim that he was exposed to COVID-19. Similarly, Buxton's motion as to Requests 11, 12 and 15 (to the extent that the latter seeks health information about another inmate) will be denied for the same reasons.

Defendants' response to Request 15 is appropriate. Buxton seeks information about his "positive test" on December 5, 2020. Defendants state that he was tested on December 7, 2020 and the result was negative. Therefore, it does not appear that there are any documents that are responsive to this portion of Request 15.

The Court agrees that Request 16 is unclear, and therefore, Buxton's motion will be denied.

Finally, Request 17, which seeks the "proper cleaning methods of using very dangerous chemicals," is not limited in time or scope and therefore is not proportional to the needs of this case. Further, the request is not relevant to the claims made by Buxton, which do not relate to dangerous chemicals.

Requests for Admission

Buxton asserts that Defendants' responses to RFAs 1, 6, 8, 11, 13, 14, 18, 19, 23, 24, 25, 26, 30 and 31 are deficient.

Defendants objected to certain RFAs that are at issue in Buxton's motion on the ground that it was unclear what they were being asked to admit or deny. In each circumstance, they also denied the RFA. This includes RFAs 1, 6, 8, 11, 13, 14, 19, 23, 25, 26 and 31. The Court agrees that as drafted, these RFAs are sufficiently unclear that it would require Defendants to speculate about their meaning. Therefore, Buxton's motion regarding these RFAs will be denied.

RFA 18 was properly denied by Defendants as they state that they lack sufficient knowledge to admit or deny how individual inmates used the prison's law library. Defendants fully responded to RFA 24 other than stating that Buxton's reference to a settlement agreement

3

was unclear.  Defendants responded fully to RFA 30.  Therefore, Buxton's motion as to these RFAs will also be denied.

Interrogatories

Buxton's motion also seeks additional responses to Interrogatories 4, 6, 19 and 24.

Interrogatory 4 asks Defendants to state whether there were several COVID-19 deaths at SCI-Mercer during the relevant time frame. Defendants objected on grounds of confidentiality and vagueness as to the meaning of "several."  Defendants' objections are overruled.  This interrogatory calls for a yes or no response and can be qualified as needed regarding the meaning of "several."

Defendants' objection to Interrogatory 6 is also overruled.  Buxton defines the meaning of both "reports" and "covid violations" in the interrogatory. Further, the information sought could relate to Buxton's claim against Wetzel.

Defendants' objection to Interrogatory 19 is sustained.  As they point out, the interrogatory is not in the form of a question and more importantly, would require them to improperly speculate about what an entity, the "DOC," was aware of.

Finally, Defendants' objection to Interrogatory 24 on the ground that it is unclear is sustained.  As stated, the interrogatory is incomprehensible.

Therefore, it is ORDERED that Buxton's motion is granted in part and denied in part. His motion is GRANTED as to the following: Defendants shall provide responses to Requests for Production 6 and 8 and Interrogatories 4 and 6 within fourteen days of the date of this Order. Buxton's motion is otherwise DENIED.

**SO ORDERED** this 7th day of June, 2023.


/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge